UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KELVIN WELLS

VERSUS                                                          CIVIL ACTION

MUNIR ALI, ET AL                                                NUMBER 06-400-JVP-DLD

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on April 22, 2008.

**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KELVIN WELLS

VERSUS                                                                  CIVIL ACTION

MUNIR ALI, ET AL                                                NUMBER 06-400-JVP-DLD

MAGISTRATE JUDGE'S REPORT

Before the court is the parties' cross motions for summary judgment. Record document numbers 39 and 40.

Pro se plaintiff Kelvin Wells, brought this action pursuant to the federal Fair Housing Act (hereinafter, FHA), 42 U.S.C. § 3601, et seq., and parallel state law. Plaintiff alleged that he was the victim of discriminatory housing practices.[1]

Plaintiff moved for summary judgment relying on a copy of his Housing Discrimination Complaint, Amendment No. 3 filed with the United States Department of Housing and Urban Development (hereinafter, HUD).

Defendant Munir Ali moved for summary judgment relying on HUD's Determination of No Reasonable Cause issued on November 23, 2007.

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. Supporting affidavits must set forth facts which would

---

[1] Plaintiff's claims against Melva Cavanaugh and Tom Hanlon were previously dismissed. Record document numbers 20 and 27.

be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Federal Rules of Civil Procedure.

Plaintiff made the following scant allegations of wrongdoing against Ali in the complaint:

> "(A) Munir Ali, belived to reside at 13033 Carrington Place Ave., Baton Rouge, Louisiana 70817-discriminated in the conditions and service to facility, interfered and intimidated plaintiff by threating eviction and evicting plaintiff to prevent plaintiff from the full benefit of the fair housing Law."

Complaint, p.1.

The gist of the plaintiff's complaint is that Ali discriminated against him based on his race.

The FHA prohibits discrimination in housing based on race, color, religion, sex, handicap, familial status or national origin. 42 U.S.C. §§ 3604, 3605.

The summary judgment evidence showed the following. Ali owned four units in an apartment building at 1658 Port Drive, Baton Rouge, Louisiana. On January 11, 2005, the plaintiff, an African-American, signed a six month lease to rent an apartment unit from Ali. The lease agreement provided that the plaintiff was permitted use of two parking spaces. Sometime after signing the lease, the plaintiff acquired a third vehicle and parked it on the premises. Plaintiff and his family resided at the property under lease until June 30, 2005. After the lease expired, Ali declined to renew the lease. Plaintiff and his family continued to reside in the unit on a month-to-month basis. During his tenancy, the plaintiff requested that certain repairs be made to the unit including treatment for mold. Ali made the repairs, but apparently not to the plaintiff's satisfaction. Plaintiff failed to pay his September 2005 rent timely and did not pay an assessed late fee. On October 1, 2005, Ali sent the plaintiff

an Non-Renewal of Lease letter, combined with a 30 day Notice to Vacate by November 1, 2005.  The reasons cited were the plaintiff's violation of the lease regarding the use of more than two parking spaces and non-payment of assessed late fees.  Plaintiff responded to the notice advising Ali that he would not remove the third vehicle under any circumstance.  On November 4, 2005, Ali filed a Petition of Eviction and Order with a Justice of the Peace.  On November 14, 2005, a Judgment of Eviction was rendered. Plaintiff appealed the Judgment of Eviction in the Nineteenth Judicial District Court for the Parish of East Baton Rouge.  Plaintiff's appeal was granted and the matter was remanded to the Justice of the Peace for further consideration.

Plaintiff filed an initial housing discrimination complaint with HUD on June 14, 2006. It was reactivated on June 15, 2007.  The complaint was referred to the Fort Worth Office of Fair Housing and Equal Opportunity, Region VI which conducted an investigation.  In his complaint, the plaintiff stated that he was discriminated against because of race and disability.  During its investigation HUD found that between June 2005 and June 2007, Ali rented to a total of 13 tenants, all of whom were African-American.  Eight tenants were evicted because of non-payment of rent.  HUD determined that there was no reasonable cause to believe that a discriminatory housing practice had occurred.

The summary judgment evidence supports a finding that the plaintiff was not discriminated against on the basis of his race or disability in violation of the FHA. Defendant is entitled to summary judgment as a matter of law.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's motion for summary judgment be denied, that the  defendant's motion for summary judgment be

granted and this action be dismissed.

Signed in Baton Rouge, Louisiana, on April 22, 2008.

**MAGISTRATE JUDGE DOCIA L. DALBY**